UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80972-CIV-MARRA/JOHNSON

RODNEY E. WISE,

    Plaintiff,
vs.

CACH, LLC,

    Defendant.
_____/

### ORDER AND OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant, Cach, LLC's ("Cach") Motion to Dismiss [DE 4].  The motion is fully briefed and ripe for review.  The Court has carefully considered the filings and is otherwise fully advised in the premises.

### Introduction

Plaintiff Rodney E. Wise ("Wise" or "Plaintiff"), a consumer, commenced this action against Cach, LLC ("Cach" or "Defendant") alleging that Cache violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.* by sending a collection letter containing false statements regarding the legal impact of a judgment.  Cach moves to dismiss the complaint asserting that it fails to state a claim upon which relief can be granted.

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) permits a party to challenge the "facial sufficiency of a claim for relief." *Brooks v. Blue Cross & Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). When determining the proper outcome of a Rule 12(b)(6) motion, the allegations laid out in a complaint are presumed to be true and are viewed in a manner favorable to the plaintiff. *S.E.C. v. ESM Group. Inc.*, 835 F.2d 270, 272 (11th Cir. 1988). The plaintiff needs only to set forth in his complaint, "a short and plain statement of the claim showing that the pleader is entitled to relief," and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted).

In ruling on a motion to dismiss, the Court may consider not only the complaint but also the exhibits attached to it. *See Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) ("When considering a motion to dismiss, all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its

consideration to the pleadings and exhibits attached thereto.") (quotation marks omitted); *see also Brooks*, 116 F.3d at 1368 ("[T]he analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto").  *See also* Fed.R.Civ.P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")  Accordingly, the Court may review and consider the communication sent to Plaintiff which is attached to the Complaint as Exhibit B.

### Discussion

Plaintiff does not dispute the validity of the debt.  Rather, Plaintiff takes issue with the contents of the debt collection letter, alleging Defendant's actions in composing and sending the letter were in violation of the FDCPA and FCCPA.  Congress enacted the FDCPA "to eliminate abusive debt collection practices by debt collectors, to insure that those debts collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also* S. Rep. No. 95-382, 95th Cong., 1st Sess., reprinted in 1977 U.S.Code Cong. & Ad. News 1695, 1696 (The FDCPA's "purpose is to protect consumers from a host of unfair, harassing, and deceptive debt collection practices without imposing unnecessary restrictions on ethical debt collectors"); *Danow v. Law Office of David E. Borack, P.A.*, Case No. No. 09-13560, 2010 WL 597213, *2 (11th Cir. Feb. 22, 2010).

In evaluating whether language is deceptive under the FDCPA, a court applies an objective standard to the language's tendency "'to mislead the least sophisticated'" consumer, in order to give effect to the FDCPA's purpose of protecting consumers. *Jeter v. Credit Bureau*, 760 F.2d 1168, 1175 (11th Cir. 1985) (quoting *Wright v. Credit Bureau of Ga., Inc.*, 548 F.Supp. 591, 599 (N.D. Ga. 1982)).  Courts may assume, however, that the least sophisticated consumer will "possess a rudimentary amount of information about the world" and will not make "unreasonable misinterpretations." *Rivera v. Amalgamated Debt Collection Servs.*, 462 F. Supp. 2d 1223, 1227 (S.D. Fla. 2006) (quotations omitted).

In order to prevail on an FDCPA claim, Plaintiff must demonstrate by a preponderance of the evidence that: (1) he was the object of collection activity arising from consumer debt; (2) Defendant is a "debt collector" as defined by the FDCPA; and (3) Defendant engaged in an act or omission prohibited by the FDCPA. *Kaplan v. Assetcare, Inc.*, 88 F. Supp. 2d 1355, 1360-61 (S.D. Fla. 2000); *see also Fuller v. Becker & Poliakoff, P.A.*, 192 F. Supp. 2d 1361, 1366 (M.D. Fla. 2002); *McCorriston v. L.W.T., Inc.*, Case No. 8:07-cv-160-T-27EAJ, 2008 WL 3243865, *2 (M.D. Fla. August 7, 2008); *Cole v. Lobello Painting, Inc.*, No. 8:06-CV-2171-JDW-MSS, 2007 WL 2330860, *2 (M.D. Fla. Aug. 14, 2007).  Defendant does not challenge that Plaintiff has met the first two prongs of the statute.  Thus, the only issue before the Court on the FDCPA claim is whether Plaintiff's allegations state a violation of that Act.

In Count I, "False Representation of the Character, Amount or Legal Status of the Alleged Debt," Plaintiff alleges that, through the correspondence in question, Defendant falsely represented that the alleged judgment may prevent Plaintiff from buying or selling his real property.  See Comp. ¶ 21.  In Count II, "Deceptive or Misleading Notice," Plaintiff alleges that, through the subject correspondence, Defendant made statements which would be deceptive or misleading to the least sophisticated consumer as one would tend to believe that their home may be subject to foreclosure even though same was a legal impossibility.  See Comp. ¶ 23.  In Count III, "Declaratory Relief and Permanent Injunction," Plaintiff seeks a declaration that Defendant violated both the FDCPA and FCCPA, and a permanent injunction enjoining Defendant from misrepresenting Florida law.

Here, the correspondence states, in pertinent part:

> Please be advised that our office has obtained a judgment against you in the county court where you live.  You are now a judgment debtor.  *As such, you may have problems buying and selling a home*.  Under Florida law, our client can execute upon a judgment as follows:
>
> \* \* \*
>
> B.  *Foreclose your real estate - which means having the sheriff sell your property in order to pay off the judgment (unless said property is homestead or tenancy by the entireties)*.
>
> \* \* \*
>
> Please understand that we are debt collectors.  This is an attempt to collect a debt and any information we obtain will be used for that purpose.

Compl. Ex. B (emphasis supplied).

According to Plaintiff, the statement that the judgment may negatively impact his ability to buy and sell a home is "quite simply false," and "Defendant's threat of foreclosure" was legally impossible.  DE 7 at 3.  Plaintiff is mistaken in all respects.

**Problems Buying or Selling a Home**

Plaintiff alleges that because the judgment against him has not been certified and recorded in the official records of the county, it could not possibly impact his ability to buy or sell a home.  Thus, according to Plaintiff, Defendant's statement in his notice that he may have such problems violates the FDCPA.  Plaintiff is incorrect.  Any judgment entered against Plaintiff is a public record that may be viewed and obtained by anyone, including potential creditors.  Any potential lender of Plaintiff's would conduct a credit check and would find the outstanding judgment, whether a certified copy is recorded or not.  If Plaintiff seeks financing for another home, the existence of the judgment, in and of itself, **may** affect Plaintiff's ability to buy that home.  This statement is not in any way false or misleading, even to the least sophisticated consumer.

**Foreclosure by Sheriff**

Section 1692e(5) of the FDCPA prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken," while section 1692e(10) proscribes, in relevant part, "the use of any false representation or deceptive means to collect or attempt to collect a debt."  Plaintiff contends that the following language in Defendant's correspondence constitutes a false threat to perform a legal

impossibility: "our client can execute upon a judgment as follows:  . . .  Foreclose your real estate - which means having the sheriff sell your property in order to pay off the judgment (unless said property is homestead or tenancy by the entireties)."

Plaintiff contends this statement is false because the judgment has not been certified and recorded.  Plaintiff argues that without recording the judgment, Defendant has no lien rights against Plaintiff's real property and is thus precluded from foreclosing against Plaintiff.  Plaintiff bases his complaint on the contention that an unrecorded judgment transforms the statements in the letter into deceptive, false or misleading with no legal justification.  It is not a legal impossibility to record the judgment and Cache did not threaten to foreclose on Wise's home without recording the judgment.

This Court is of the opinion that the least sophisticated debtor would regard the warning that Defendant's client could "hav[e] the sheriff sell your property in order to pay off the judgment (unless said property is homestead or tenancy by the entireties)," as a reality based reminder, not as a threat to take action that cannot legally be taken.  The letter, on its face, does not threat to foreclose against Plaintiff's homestead.  *LeBlanc v. Unifund CCR Partners, G.P.*, 552 F. Supp. 2d 1327, 1338 (M.D. Fla. 2008).  "The court assumes that the least sophisticated debtor understands that the phrase 'could result in' connotes a possible future occurrence and not an inexorable certainty."  *Higgins v. Capitol Credit Services, Inc.*, 762 F.Supp. 1128, 1138 (D. Del. 1991).  Moreover, the correspondence does not violate §

1692e(5) by threatening to take action which could not legally be taken.  *Jelencovich v. Dodge Enterprises, Inc.*, Case No. 09-81045-CIV, 2009 WL 4899405 (S.D. Fla. Dec. 14, 2009).

Defendant does not violate the Act by failing to set out the precise procedural mechanics which it could pursue in order to foreclose on Plaintiff's property.  The fact that all conditions precedent to foreclosure on the judgment had not been completed does not render the statement false or misleading to the least sophisticated consumer.  Defendant had the legal right and ability to accomplish what it asserted in the letter, although an additional prerequisite needed to be accomplished.  Here, a judgment had already been entered against Plaintiff and the legal remedies afforded to judgment creditors were available to Defendant.

**Futile to Amend**

A decision whether to grant leave to amend is within the discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  In *Foman*, the Supreme Court indicated that a court should deny leave to amend a pleading when, among other reasons, the amendment would be futile.  *Foman*, 371 U.S. at 182.  Leave to amend should only be denied on the ground of futility, however, when the proposed amendment is clearly insufficient or frivolous on its face.  *Williams v. Board of Regents of University System of Ga.*, 477 F.3d 1282 (11th Cir. 2007); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004); *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980).  The Eleventh Circuit "has found that denial of leave to

amend is justified by futility when the complaint as amended is still subject to dismissal." *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1320 (11th Cir. 1999) (citation omitted). This means that it must be futile as a matter of law, rather than merely unlikely as a factual matter. *Site Microsurgical Systems, Inc. v. Cooper Companies, Inc.*, 797 F. Supp. 333, 336 (D. Del. 1992). An example would be an amendment to add a party as co-plaintiff who has no standing to sue. Leave to file such a futile amendment should be denied. *Id.*; *Johns-Manville Corp. v. Guardian Industries Corp.*, 116 F.R.D. 97 (E.D. Mich. 1987) (leave to amend answer denied where law of the case precluded assertion of the defense to be added). The Court has concluded that Plaintiff has not stated a FDCPA claim. The Court is also of the opinion that any attempted amendment would be insufficient as a matter of law. Therefore, it would be futile to allow Plaintiff to amend his complaint on this federal claim.

**FCCPA**

Because the federal claim against Defendant is being dismissed, Plaintiff's remaining state law claim will be also be dismissed. This Court derives its authority to decide Plaintiff's federal claims from 28 U.S.C. § 1331, which provides that district courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[1] Federal courts are given

---

[1] The Court recognizes that diversity of citizenship exists between the parties. However, there is no allegation that the amount in controversy exceeds $75,000, and

the additional power to exercise supplemental jurisdiction over state law claims which "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a).  However, § 1367(c)(3) states that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... the district court has dismissed all claims over which it has original jurisdiction ...." *Id.* 28 U.S.C. § 1367(c)(3).  Moreover, § 1367(c)(4) provides that the Court may decline to exercise supplemental jurisdiction over a state claim if "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  28 U.S.C. § 1367(c)(4).

The Eleventh Circuit has explicitly advised that a district court is well within its discretion to dismiss state law claims once the basis for original federal court jurisdiction no longer exists.  *Nolin v. Isbell*, 207 F.3d 1253, 1258 (11th Cir. 2000); *see also Republic of Panama v. BCCI Holdings (Luxembourg) S.A.*, 119 F.3d 935, 951 n.26 (11th Cir. 1997) ("After dismissing Panama's federal claims against the ... defendants, the district court correctly dismissed its remaining state law claims against these defendants"); *Rice v. Branigar Org., Inc.*, 922 F.2d 788, 792 (11th Cir. 1991) (recognizing that trial court's decision to exercise pendant jurisdiction over state law claims is discretionary).

Here, as the Court has determined that the claim serving as the basis for

---

the Court concludes that such an allegation could not be made in good faith.

original federal court jurisdiction does not state a valid claim and that amendment would be futile, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim asserted in Count III.  Plaintiff's state law claim is dismissed without prejudice.   Plaintiff may pursue his state law claim in state court.

**Attorney's Fees**

Defendant seeks attorney's fees and costs pursuant to Fair Debt Collections Practices Act, which provides "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs."  15 U.S.C. § 1692K(a)(3).  The Court finds no evidence that this matter was brought for the purpose of harassment, or in bath faith.  Therefore, the request for fees and costs is denied.  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that Defendant, Cach, LLC's ("Cach") Motion to Dismiss **[DE 4] is GRANTED in part and DENIED in part**.  The complaint, to the extent it seeks relief under federal law, is dismissed for failure to state a claim.  Fed.R.Civ.P. 12(b)(6).  The claims brought pursuant to the FDCPA are dismissed with prejudice.  The claim brought pursuant to the FCCPA is dismissed without prejudice.

This case is **closed**.  Any pending motions are denied as moot.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 26th day of March, 2010.

KENNETH A. MARRA
United States District Judge

copies to:
All counsel of record
Magistrate Judge Linnea R. Johnson